**Opinion filed January 29, 2010**



In The

# Eleventh Court of Appeals

---

## No. 11-09-00333-CV

---

## IN RE T.S.

---

### On Appeal from the County Court

### Howard County, Texas

### Trial Court Cause No. M-25900

---

### M E M O R A N D U M   O P I N I O N

This is an appeal from a judgment ordering temporary in-patient mental health services pursuant to TEX. HEALTH & SAFETY CODE ANN. § 574.034 (Vernon 2003).  We affirm.

At the commitment hearing, Big Spring State Hospital Staff Psychiatrist Dr. Trina Cormack testified that appellant was currently diagnosed with paranoid schizophrenia and that his diagnosis would probably be changed to schizoaffective disorder, bipolar type.  Dr. Cormack stated that appellant felt that his mother was working against him, that his mother had too much testosterone in her body and needed estrogen injections, and that he felt he had too much testosterone and also needed estrogen injections.  Dr. Cormack described appellant as grandiose and stated appellant believed himself to be a super hero and believed he could fly.  Appellant would walk around wearing a cape.  He would have one hand behind his back and one hand extended in front of his body preparing to "take off."  His behavior was intrusive to the other patients and to the staff.  His

behavior was causing other patients to want to "beat him up." Appellant had little ability to communicate "without constantly talking about his delusions."

Appellant testified in his own behalf. He told the trial court that he was "swell" and that the doctor's testimony was entirely false. He asked the trial court to consider the doctor's testimony perjury and further stated:

> Your Honor, my mother has spent -- made these accusations on me in the past. I have gone through Terrell. She has sent me to jail. She's sent me to jail because I merely did not clean the tub. I have been -- I have been abused sexually and verbally my entire life. I do not -- I do wear a cape because I believe in the old-school type of gentleman, especially the London type Sherlock Holmes gentleman, solving his mysteries. And the biggest mystery of all is the mystery of the Bible. And my boisterous voice and boss talk around the unit is mandate pure religious anecdote and -- and testimony.
>
> I, by no means, have threatened anyone, and I have been attacked by several patients on the unit with no merit.

The trial court found that appellant was likely to cause serious harm to himself and was likely to cause serious harm to others. The trial court also found that appellant suffered severe and abnormal mental, emotional, or physical distress, that he was experiencing substantial mental or physical deterioration of his ability to function independently, and that he was unable to make a rational and informed decision concerning submission to treatment.[1]

In his sole issue on appeal, appellant contends that the evidence is insufficient to support the judgment of commitment. We disagree. The record before this court establishes by clear and convincing evidence sufficient grounds to support the trial court's judgment.

The judgment of the trial court is affirmed.

PER CURIAM

January 29, 2010

Panel consists of: Wright, C.J.,
McCall, J., and Strange, J.

---

[1]We note that the best form, where the trial court has found multiple grounds to support commitment, is to enter specific individual findings in the conjunctive. *In re J.S.C.*, 812 S.W.2d 92 (Tex. App.—San Antonio 1991, no writ).